UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAHCIEF COLLIER,

                          Petitioner,

    -against-                                          9:16-CV-00001 (LEK)

D. UHLER,

                          Respondent.

## DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner Rahcief Collier filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition").[1] Petitioner is incarcerated as a result of a 2012 judgment of conviction in the Rensselaer County Court. Id. at 1. He does not challenge his conviction. Instead, Petitioner argues that undue delay in the appellate process violated his rights to due process, equal protection, and effective assistance of appellate counsel. Id. at 2. He also asserts that by not requiring counsel to perfect the appeal sooner, the Appellate Division shared responsibility for what Petitioner characterizes as unconstitutional delay. Id. at 3–4. Petitioner asks this Court to grant him unconditional release from custody as a result of the appellate delay or, if his Petition is denied, for an order granting a certificate of appealability and bail pending the resolution of his appeal. Id. at 5. Respondent opposes the Petition. Dkt. No. 9-1 ("Respondent Memorandum"); Dkt. No. 16 ("Answer");[2] Dkt. No. 9-2 ("Fleischmann Declaration"); Dkt. No.

---

    [1]  The cited page numbers for Petitioner's papers refer to those generated by the Court's electronic filing system ("ECF").

    [2]  Respondent's answer was filed on May 27, 2016. Dkt. Nos. 9 to 11. The original document captioned "Answer" (Dkt. No. 9) appeared to be missing pages. Respondent was

10 ("State Court Record"). Petitioner was given an opportunity to file a reply brief. Dkt. No. 13. In a letter notarized on August 18, 2016, Petitioner informed the Court he did not want to submit a reply. Dkt. No. 14.

For the reasons that follow, the Petition is denied and dismissed.

## II. BACKGROUND

On November 5, 2012, Petitioner was convicted by a Rensselaer County jury of first degree assault, first degree robbery (four counts), attempted first degree robbery (two counts), and first and second degree criminal use of a firearm. Pet. at 1; Resp't Mem. at 3; Fleischmann Decl. at 2. He was sentenced on December 6, 2012, to serve an aggregate term of twenty years in prison followed by five years of post-release supervision. Pet. at 1; State Ct. R. at 192–215. Petitioner filed a timely Notice of Appeal on December 14, 2012. State Ct. R. at 45.

On April 2, 2013, Petitioner moved for "poor person's relief" in the Appellate Division, and his motion was calendared for June 24, 2013. Fleischmann Decl. at 2. On July 16, 2013, Special Appellate Counsel Eugene Grimmick was appointed to represent Petitioner on appeal. Pet. at 3; Fleischmann Decl. at 3. On November 12, 2013, the Appellate Division granted Grimmick's motion for an extension of time to perfect the appeal. Pet. at 6.

In January 2014, Petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") section 440.10. Fleischmann Decl. at 3. The Rensselaer County Court denied the motion on February 13, 2014. Id. The Appellate Division denied leave to appeal further on September 4, 2014. While the CPL section 440.10 motion was pending,

---

directed to file and serve upon Petitioner a complete Answer, and did so on September 22, 2016. Dkt. No. 15; Answer.

2

Grimmick sought, and was granted, several extensions of time to perfect Petitioner's direct appeal. Pet. at 7, 9, 10.

In June 2014, Petitioner wrote to the Appellate Division and asked that a private investigator be assigned to his case. Id. at 13–15. He also asked the court to hold a hearing "on July 3, 2014 or as soon as possible" to remove Grimmick from the case. Id. at 13. Petitioner explained that he was unhappy with the way Grimmick was handling his case and with the fact that the appeal was not yet perfected, and stated that he would file a supplemental brief with permission from the court. Id. at 13–15.

In December 2014, Grimmick filed a brief and appendix on appeal. State Ct. R. at 1–216. He raised three grounds for relief: (1) the evidence was insufficient and the verdict was against the weight of the evidence, (2) the prosecutor engaged in misconduct during summation, and (3) the sentence imposed was unduly harsh and severe. Id. at 2, 9, 17–43. The Appellate Division granted Petitioner's request to file a supplemental brief, which was filed on or about March 18, 2015. Id. at 216–28, 229. He raised two additional claims: (1) whether the police had probable cause to arrest him and, if not, whether his statements should have been suppressed; and (2) whether testimony should have been excluded because the prosecutor failed to comply with CPL section 710.30. Id. at 219, 222–26.

On May 11, 2015, Grimmick resigned from his position as Special Appellate Counsel and withdrew from representing Petitioner. Pet. at 11. On June 8, 2015, Kathryn S. Dell was assigned to represent Petitioner. Id. at 12. On June 9, 2015, Petitioner wrote to the Appellate Division to inquire about the reasons Grimmick was no longer representing him. Id. at 16. He also

complained that there had already been an unreasonable delay in his appeal, and he was concerned the appeal would now be delayed further. Id.

The Appellate Division allowed Dell time to review the record and to decide whether she would adopt Grimmick's brief or file one of her own. Fleischmann Decl. at 4; Pet. at 12. Dell initially informed the court in October 2015 that she intended to file a supplemental brief, but on March 28, 2016, she adopted Grimmick's brief and appendix. Fleischmann Decl. at 4–5. On March 30, 2016, the Appellate Division scheduled the prosecutor's brief due date for May 1, 2016. Id. at 5. In August 2016, Appellate Division scheduled the appeal to be heard on the October 21, 2016 Term Calendar. October 2016 Term Calendar, App. Div., Third Judicial Dep't 9 (August 31, 2016),

http://www.courts.state.ny.us/ad3/October%202016%20Term%20Calendar.pdf.

### III. LEGAL STANDARD

Criminal defendants have no constitutional right to an appeal, but when a state has instituted an appellate system, the procedures "must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." Evitts v. Lucey, 469 U.S. 387, 393 (1985). The Supreme Court has held that defendants have the right to a speedy trial, Barker v. Wingo, 407 U.S. 514, 515 (1972), but has not addressed whether this right applies to appeals. The Second Circuit has held, however, that "the right to a reasonably timely appeal is included among the protections afforded by the due process clause" when a state, like New York, provides for an appeal. Cody v. Henderson, 936 F.2d 715, 719 (2d Cir. 1991) (citing Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990)); see also Ferguson v. Walsh, No. 09-CV-1575, 2011 WL 1527973, at *4 (E.D.N.Y. Apr. 20, 2011) (citing Cody, 936 F.2d at 719).

4

To determine whether a defendant has been denied the right to a speedy appeal, courts in the Second Circuit apply the following four factors: (1) length of delay, (2) reason for the delay, (3) defendant's assertion of his right to a speedy appeal, and (4) prejudice to the defendant caused by the delay. Roberites v. Colly, 546 F. App'x 17, 20–21 (2d Cir. 2013); Elcock v. Henderson, 947 F.2d 1004, 1007 (2d Cir. 1991); Mitchell v. Rivera, No. 05-CV-710, 2009 WL 2868088, at *8 (N.D.N.Y. Sept. 1, 2009). "[N]o one factor is dispositive and all are to be considered together with the relevant circumstances." Simmons, 898 F.2d at 868 (citing Barker, 407 U.S. at 530–33).

The third factor, assertion of the right to a speedy appeal, favors Petitioner. He wrote letters to the Appellate Division in which he claimed the appellate delay in his case was unreasonable. Pet. at 13–16. But the remaining factors weigh against him.

The Second Circuit is critical of long delays in direct appeals, finding some delays excessive and a violation of due process. See, e.g., Roberites, 546 F. App'x. at 20–21 (finding a thirty-two-month delay excessive); Muwwakkil v. Hoke, 968 F.2d 284, 285–86 (2d Cir.1992) (thirteen-year delay excessive); Cody, 936 F.2d at 719 (finding a delay of over nine years excessive); Elcock, 947 F.2d at 1007 (finding an eight and one half year delay excessive); Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991) (finding a six year delay excessive). Petitioner filed a timely notice of appeal on December 14, 2012, and the appeal is now scheduled to be heard on October 21, 2016. State Ct. R. at 45. The four-year delay in this case may trigger due process concerns, but it "ultimately does not violate the constitution." Richard-Antonio v. O'Meara, No. 12-CV-5174, 2013 WL 5019395, at *7–9 (S.D.N.Y. May 21, 2013) (finding a delay approaching four years excessive, but denying habeas relief because other factors, including the reasons for the delay, did not favor the petitioner), adopted by 2013 WL 5049065 (S.D.N.Y. Sept. 13, 2013).

The record shows that the delays were not the result of inaction or neglect by the Appellate Division or counsel. On July 16, 2013, three months after Petitioner moved for poor person status in the Appellate Division, Grimmick was appointed to represent him. Pet. at 3; Fleischmann Decl. at 2–3. Grimmick filed his appellate brief approximately sixteen months later, in December 2014, after several requests for extensions. State Ct. R. at 1–216. During that time, however, Petitioner pursued a pro se motion to vacate his conviction pursuant to CPL section 440.10. The motion was pending from January 2014 until September 4, 2014, when the Appellate Division denied leave to appeal the lower court's decision denying the motion. Fleischmann Decl. at 3. It is unclear from the record whether Grimmick's adjournment requests were related to the pending motion, but his brief was filed three months after the Appellate Division denied leave to appeal from the denial of the motion. State Ct. R. at 1–216. The direct appeal was delayed further while Petitioner prepared a pro se supplemental brief, filed on March 18, 2015. Id. at 216–29. Based on the record, at least some of the delay may have been attributable to choices made by Petitioner himself. See Barker, 407 U.S. at 529 ("We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect . . . ."); see also Charleston v. Gonyea, No. 11-CV-5694, 2013 WL 1156085, at *5 (S.D.N.Y. Mar. 20, 2013) (denying undue appellate delay claim when the majority of delay was attributable to choices made by the petitioner); Williams v. Comm'r, N.Y.S. Dep't of Corr., No. 07-CV-5514, 2011 WL 5301766, at *24 (S.D.N.Y. Oct. 31, 2011) (finding petitioner "caused much of the remaining delay by the filing of his motion to submit a supplemental pro se brief and the sequelae thereto"), adopted by 2011 WL 6182364 (S.D.N.Y. Dec. 12, 2011).

Additionally, when Grimmick resigned on May 11, 2015, Attorney Dell was appointed to represent Petitioner less than a month later, on June 8, 2015. Pet. at 11–12. Attorney Dell reviewed Grimmick's brief and appendix and ultimately decided to adopt them on March 28, 2016. Fleischmann Decl. at 4–5. The total delay caused by replacing Petitioner's counsel, approximately ten months, was far less than delays found to violate a defendant's rights. See Simmons, 898 F.2d at 868 (state court neglected to appoint new counsel when prior counsel did not perfect an appeal after nearly five years); Brooks v. Jones, 875 F.2d 30, 31 (2d Cir. 1989) (eight year delay caused by neglect of a succession of assigned attorneys).

Petitioner also failed to establish that he suffered prejudice as a direct result of the delay in his appeal. Mathis, 937 F.2d at 794. Specifically, he must establish that "there is a reasonable probability that, but for the delay, the result of the appeal would have been different." Richard-Antonio, 2013 WL 5019395, at *9 (quoting Mathis, 937 F.2d at 794). Petitioner has not met his burden.

Petitioner does not allege that his appeal has been prejudiced by the delay. See Muwwakkil, 968 F.2d at 284 ("[S]ome showing of prejudice to the appeal is necessary for habeas relief.") (quoting Mathis, 937 F.2d at 794). This case does not yet have a final disposition from the state courts, and Petitioner therefore cannot show that "any delay in his appeal has caused the unjust outcome of his appeal." Mitchell v. Rivera, No. 05-CV-0710, 2009 WL 2868088, at *12 (N.D.N.Y. Sept. 1, 2009). He alleges only that the "passage of five years" from his initial arrest "will make it more difficult" for him to "refresh the memories of witnesses" his trial counsel failed to interview and whom he intends to call as witnesses if he is granted a new trial. Pet. at 4. The Court "is aware of the inherent impairment of a defense upon retrial caused by the passage of

7

time, namely the loss of memory by witnesses and the staling of evidence." Richard-Antonio, 2013 WL 5019395, at *9 (citing Barker, 407 U.S. at 532). But Petitioner failed to support his claim with any specific allegations or evidence, and there is nothing before this Court to show that these issues are present. Id.; see also Paulin v. Grady, No. 14-CV-10128, 2016 WL 4509068, at *5 (S.D.N.Y. Aug. 24, 2016) (rejecting prejudice argument based on the possibility a retrial would be impaired due to appellate delay because there were no specific allegations to support the claim). The Court cannot assume prejudice on the basis of delay alone.

It is worth noting that even if the Court ruled in Petitioner's favor, the remedy would be to order the Appellate Division to hear his appeal within a reasonable time period. See Mathis, 937 F.2d at 796 ("[W]e have thus far approved only one remedy available to habeas petitioners who claim due process violations based on mere delay: the granting of a conditional writ earlier in the appellate process that requires release unless a time deadline for processing the appeal is met."); Roberites, 546 F. App'x at 21 (directing the district court, on remand, to "issue a conditional writ ordering Roberites's release unless his appeal is decided by [a date certain]"). In this case, the Appellate Division is already "poised to do just that" because the appeal is calendared for October 21, 2016. Richard-Antonio, 2013 WL 5019395, at *10. For the reasons stated, Petitioner's due process claim is denied.

To the extent Petitioner raises an equal protection claim, it is also denied. The equal protection clause of the Fourteenth Amendment directs state actors to treat similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To succeed, Petitioner must allege sufficient facts that plausibly suggest that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination directed at an

8

identifiable or suspect class. Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). Petitioner has not alleged any facts suggesting disparate treatment as compared to other, similarly situated defendants appealing their convictions. See Pet.

Finally, Petitioner's request for bail is denied. Federal courts have authority to grant bail to habeas petitioners, but "that power is a limited one, to be exercised in special cases only." Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001) (citing Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d Cir. 1978)). Petitioner has not "demonstrated that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." Cunningham v. Poole, No. 06-CV-0659, 2007 WL 3353115, at *2 (N.D.N.Y. Nov. 7, 2007). The length of the delay in this case does not, without more, constitute extraordinary circumstances warranting the grant of bail. See, e.g., Muwwakkil, 968 F.2d at 285 (noting that in a case where the appellate delay approached thirteen years, the district court released the petitioner on bail after denying his habeas petition "on the condition that the Appellate Division reinstate and decide the appeal within nine months").

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner's Petition (Dkt. No. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED**; and it is further

**ORDERED**, that no certificate of appealability shall issue because Petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[3] and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 17, 2016
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[3] Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (holding that "§ 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'") (quoting Slack v. McDaniel, 529 U.S. 473, 480 (2000)).